Daniel, Judge.
 

 — The question in this case, is, whether the Superior Court had the power, under the circumstances, of hearing the application in behalf of Hannah, the wife of Blunt, to obtain letters of administration on the personal estate of her deceased father.
 

 By the act of 1792
 
 (Rev. ch.
 
 364), the greatest creditor residing within the state, shall be entitled, after the widow and next of kin, to administration on the estate of any deceased person. Of the persons, whose preferable right to administer is thus recognized, the widow, if any, in this case does not claim; and Mrs. Blunt and the defendant aré brother, and sister, and in equal degree. By the act of 1777
 
 (Rev. ch.
 
 115, s. 57 and 58), it is enacted, that
 
 *11
 
 the Courts of Pleas and Quarter Sessions, shall and may within their respective counties, make orders for issuing letters of administration; that any person who shall claim a right to administer the estate of any intestate, and shall think himself injured by order of Court for administration, shall be entitled to an appeal to the Superior Court; and such Superior Court shall determine the same, and upon such determination had, such Court shall proceed to grant letters to the persons entitled to the same, he or she giving bond with sufficient security for the faithful discharge of the trust. Whilst the proceedings were in contestation between Moore and Blunt in the Court of Pleas and Quarter Sessions, Hannah, the daughter of the intestate, might unquestionably have intervened and put in her claim. The appeal had the effect to vacate the order of the County Court, and the whole case remained
 
 in fieri.
 
 Neither Moore nor Blunt had any vested interest in the office of administrator; and it seems to us, that the County Court could not, after the appeal taken and carried up, have appointed an absolute administrator, although it might have appointed one
 
 pendente Jite.
 
 If it had made such an absolute appointment, there would have been two administrators on the same estate, deriving their authority from different courts ; such therefore could not have been the intention of the legislature.
 

 By the appeal, the Superior Court obtained jurisdiction of the question generally; the whole case was open and stood exactly as it did in the County Court; and that court had authority to grant letters to that person, who was best entitled to the same, and who should then intervene, although not a party to the record in the County Court. The act of 1777, declares that after the appeal is taken, the Superior Court shall have cognizance thereof, and shall grant letters to the persons entitled to the same. It does not confine the court to grant letters to one or the other of the parties
 
 to the
 
 appeal; nor is the court, in our opinion, compelled to do so. If it was compelled to confine the appointment, to one of the two litigating parties, who originally began in the County Court, then many persons in equal degree of kindred, and perhaps better qualified
 
 *12
 
 for the trust, might be barred from applying for the administration, in consequence of being absent from the County Court at the time the motion was made, or through ignorance of the application for letters by either of the two litigant parties. But by putting the construction which which we now do on the act of assembly, we think the interest of the estates of intestates, will be benefitted, the rights of those who have an equal claim to letters secured, and the intention of the legislature fulfilled. Moore and Hannah (the wife of Blunt) are children of the intestate, and had equal claims to the administration. The Court has decided in favour of Mrs. Blunt, and, we think, it had a right to do so.
 

 Per Curiam. Judgment affirmed.